UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 14-13218-BKC-JKO |
| SKIVIEW II INC., a Delaware Corporation | Chapter 11 |
| Debtor. _____/ | |

**UNITED STATES TRUSTEE'S EMERGENCY MOTION TO APPOINT
A TRUSTEE OR, ALTERNATIVELY, TO DISMISS OR
CONVERT CASE AND REQUEST FOR AN EXPEDITED HEARING**
(*Expedited Hearing Requested*)
**The basis for the emergency request is that the Debtor has not
provided proof of insurance for all real property.**

Guy G. Gebhardt, Acting United States Trustee for Region 21 (the "United States Trustee"), pursuant to 11 U.S.C. §§ 1104 and 1129, respectfully moves this Court to enter an order directing the appointment of a chapter 11 trustee in this case or, alternatively, dismissing this case or converting this case to chapter 7, and in support thereof states as follows:

**BACKGROUND FACTS**

1. On February 11, 2014 (the "Petition Date"), Skiview II Inc., a Delaware Corporation (the "Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code [D.E. #1] (the "Petition").

2. The United States Trustee has not appointed a committee of unsecured creditors as of the date of filing of the instant motion.

3. The Petition was signed by "Robert Dziurgot" ("Dziurgot") as President of the Debtor.

4. The Debtors' bankruptcy schedules attached to, and filed with, the Petition (the "Schedules") reflect on Schedule A that the Debtor owns real property located at (a) 2415 NE 8th

1

Street, Fort Lauderdale, FL 33304 (the "NE 8th Street Property"); and (b) 2601 NE 11th Court, Fort Lauderdale FL 33304 (the "NE 11th Court Property", and together with the NE 8th Street Property, the "Property").

5. Schedule A also reflects that the Property is valued at $763,515.00.

6. Schedule G reflects that the Debtor is party to a "Property Management and Expense Share Agreement" with "G.A. Design and Development, Inc."

7. A search for the entity G.A. Design and Development, Inc. ("GAD") on the Florida Secretary of State's website reflects that "Robert Armistead" is a director of GAD and that Mr. Armistead is the sole director/officer listed for GAD.

**Prior Sanctions Orders Issued by this Court and a Massachusetts Bankruptcy Court Against the Principal of this Debtor for His Involvement In Other Bad Faith Bankruptcy Filings**

8. On July 20, 2010, this Court entered the *Order Granting Sanctions Relating to Motion to Dismiss Case Pursuant to 11 U.S.C. 707(a) and (b) Filed by Interested Party John Farnsworth (Doc 5)* in the involuntary chapter 7 bankruptcy case captioned as *In re Cynthia A Dziurgot Farnsworth*, Case No.: 09-14459-RBR [D.E. #116] (the "Prior Sanctions Order").

9. Included among the numerous findings made by the Court in that Order are the following:

> F. Lossen Financial, Inc., as a Petitioning Creditor, signed the Involuntary Petition commencing this proceeding through Robert Dziurgot as President.
>
> G. Robert Dziurgot is the brother of the Debtor, Cynthia Dziurgot, and is a convicted felon.
>
> H. Robert Dziurgot was a controlling party of Na-Mor, Inc., even though he alleged in the Chapter 11 proceeding, 09-21515-RBR, to have been removed on December 31,2008, for he signed a 2008 1120 Federal Tax Return for Na-Mor, Inc. as President in April 2009 when he was supposedly no longer President.

2

> I. Public Records for Na-Mor, Inc. as a Florida Corporation and a Delaware Corporation list Robert Dziurgot as a Director of the company at all times relevant hereto.
>
> J. The actions undertaken by Christopher Farah and Robert Dziurgot, through Lossen Financial, Inc. and Na-Mor, Inc. were calculated and intended to hinder and delay, and were taken with ill will and malice to create road blocks to Farnsworth in his efforts to collect upon marital/dissolution obligations awarded to him by the Massachusetts State Court after an eleven and a half (11 ½) year divorce proceeding.

*See Prior Sanctions Order* at pp. 3-4.

10. In the Prior Sanctions Order, this Court also noted that Dziurgot had previously been sanctioned by a Massachusetts Bankruptcy Court for his activities in connection with a bad faith bankruptcy filing as follows:

> The Massachusetts Bankruptcy Court imposed sanctions against Robert Dziurgot as a result of his participation and solicitation regarding the Involuntary Bankruptcy proceeding filed against Cynthia Dziurgot-Farnsworth in Massachusetts (Case Number 09-41603) within days of the granting of relief from stay to Farnsworth in this proceeding.

*See Prior Sanctions Order* at FN 1.

**The Debtor's Lack of Prepetition Bank Accounts and Missing Financial Information**

11. Schedule B reflects that the Debtor had no prepetition bank accounts.

12. The Debtor has not filed a Statement of Financial Affairs.

**Transfer of the NE 8th Street Property Shortly After Entry of a Notice of Lis Pendens and Just Prior to the Petition Date**

13. A review of Broward County Public Records reveals the following recorded documents:

> a. An Amended Notice of *Lis Pendens* concerning the NE 8th Street Property entered by the Federal National Mortgage Association ("Fannie Mae") against Robert G. Armistead, et al. (the "Lis Pendens") on January 29, 2014 and recorded on February 4, 2014; and

3

      b. A Quit Claim Deed concerning the NE 8th Street Property dated January 11, 2014 and signed by "Robert Armistead" (the "Quit Claim Deed") was recorded in the Broward County Public Records on February 10, 2014, <u>one (1) day</u> before the Petition Date.

14. True copies of the Lis Pendens and the Quit Claim Deed as pulled from the Broward County Public Records are attached hereto as Exhibits A and B, respectively.

**The Debtor's Failure to Comply with the U.S. Trustee Guidelines, including the Failure to Provide Proof of Insurance for the Property or Proof of Opening of a DIP Account**

15. On February 11, 2014, the United States Trustee sent correspondence to Debtor's counsel that: (a) explained the requirements under the *United States Trustee's Operating Guidelines And Reporting Requirements For Debtors In Possession And Trustees* ("Guidelines"); (b) requested that the Debtor submit all information required by the Guidelines; and (c) provided that failure to comply with the Guidelines could result in motions to dismiss or convert this case, for the appointment of a chapter 11 trustee or examiner, and/or for the imposition of sanctions.

16. Also, on February 13, 2014, the United States Trustee sent correspondence to Debtor's counsel scheduling the Initial Debtor Interview ("IDI") and again requesting that the Debtor submit all documents and/or information required by the Guidelines.

17. As of the date of filing the instant motion, the Debtor has not provided proof of insurance for all real property and proof of opening a debtor-in-possession bank account.

**The U.S. Trustee has filed a similar motion seeking the appointment of a chapter 11 trustee, or alternatively the dismissal or conversion of the case in a bankruptcy case involving other parties and/or entities related to Skiview II Inc.**

18. On January 16, 2014, Honeycliff, LTD filed a petition for relief under Chapter 11 of the Bankruptcy Code [D.E. #1, *In re Honeycliff*, LTD, Case No.: 14-11005] (the "Honeycliff Case").

19. The bankruptcy petition in the Honeycliff Case was signed by "Robert G. Armistead" ("Armistead") as President of Honeycliff, LTD.

20. On February 21, 2014, the United States Trustee filed his Emergency Motion to Appoint a Trustee or alternatively to Dismiss or Convert Case [Honeycliff Case, D.E. #21], seeking entry of an Order directing the appointment of a chapter 11 trustee in that case or, alternatively, dismissing the case or converting the case to chapter 7, where, *inter alia*, Honeycliff, LTD.:

   a. Has never had a bank account;

   b. Failed to obtain appropriate insurance for real property estimated to be worth $1.35 million; and

   c. Permitted GA Design and Development, a third party, non-debtor entity of which Armistead is the sole director, to collect and hold rent collected on property owned by Honeycliff, LTD.

## ARGUMENT

### I.   The Court Should Appoint a Chapter 11 Trustee

21. The appointment of a trustee in chapter 11 cases is governed by 1104(a), which provides in pertinent part, as follows:

> ...on request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount

5

of assets or liabilities of the debtor.

*See* 11 U.S.C. § 1104(a).

22. Here, as is more fully discussed below, this Court must appoint a trustee where cause exists <u>and</u> the appointment of a trustee is in the best interest of creditors.

### A. This Court Must Appoint A Chapter 11 Trustee For Cause Where the Facts Show Gross Mismanagement of the Affairs of the Debtor

23. Subsection (a)(1) mandates appointment of a trustee for cause, and provides a <u>nonexhaustive</u> list of conduct warranting such appointment. *See In re SunCruz Casinos, LLC*, 298 B.R. 821, 828 (Bankr. S.D.Fla. 2003) (emphasis added).

24. First, with respect to subsection (a)(1), a trustee must be appointed where the facts here show that current management has exhibited, at a minimum, gross mismanagement of the affairs of the Debtor where (i) the Debtor has not maintained a bank account; and (ii) the Debtor has failed to maintain appropriate insurance on the Property.

25. Moreover, as this Court observed in *In re SunCruz Casinos, LLC*, the list of conduct warranting the appointment of a trustee included in subsection (a)(1) is <u>nonexhaustive</u>. *See In re SunCruz Casinos, LLC*, 298 B.R. at 828 (emphasis added).

26. In *SunCruz Casinos* this Court considered the following additional factors in determining whether there was cause sufficient to appoint a trustee:

> (a) Materiality of the misconduct;
> (b) Evenhandedness, or lack of same, in dealings with insiders or affiliated entities vis-a-vis other creditors or customers;
> (c) The existence of pre-petition voidable preferences or fraudulent transfers;
> (d) Unwillingness or inability of management to pursue estate causes of action
> (e) Conflicts of interest on the part of management interfering with its ability to fulfill fiduciary duties to the debtor; and
> (f) Self-dealings by management or waste or squandering of corporate assets.

6

*See SunCruz Casinos, LLC*, 298 B.R. at 830; *see also In re Sundale,* 400 B.R. 890 (Bankr. S.D. Fla. 2009) and *In re Intercat, Inc.* 247 B.R. 911, 921 (Bankr. S.D. Ga. 2000).

27. Here, analysis of the *SunCruz* factors also supports the appointment of a chapter 11 trustee where:

    a. Management of the Debtor (in this case the President —Robert Dziurgot) may have engaged in significant misconduct:

        i. To the extent that Dziurgot knowingly participated in a fraudulent transfer of the NE8th Property from Armistead to the Debtor to avoid foreclosure of the NE 8th Street Property by Fannie Mae;

        ii. To the extent that Dziurgot's actions in this case are part of a larger scheme to delay or hinder John Farnsworth in his efforts to collect upon marital/dissolution obligations awarded to him by the Massachusetts State Court

    b. There may be conflicts of interest that would make the Debtor unwilling and/or unable to pursue estate causes of action against Armistead or against any entity controlled by him such as GAD, where GAD has paid the legal fees for the Debtor to commence this bankruptcy case and where the Debtor appears to have no cash to finance a chapter 11 case.

28. Cause under section 1104 is evidenced here by (a) current management's inability to properly manage the affairs of the Debtor and (b) the existence of multiple conflicts of interest that will impede current management's ability to carry out its fiduciary obligations.

29. And as noted by this Court in *SunCruz*, "[o]nce the court finds that cause exists under § 1104(a)(1), there is no discretion; an independent trustee must be appointed." *SunCruz Casinos, LLC*, 298 B.R. at 828.

7

### B.    This Court Must Appoint A Chapter 11 Trustee if it is in the Best Interest of Creditors and other Interests of the Estate

30.     Even if this Court does not find cause sufficient to direct the appointment of a trustee under Section 1104(a)(1), Section 1104(a)(2) provides a separate basis for the appointment of a chapter 11 trustee in this case where such appointment would be in the best interest of creditors and other interests of the estate.

31.     First, where the facts here exhibit significant mismanagement of the affairs of the Debtor, it is clear that appointment of a chapter 11 trustee will be in the best interest of creditors and the Debtor's estate.

32.     Second, the conflicts of interest noted above make it "highly improbable that [the] Debtor can gain and maintain the confidence of [creditors] in sufficient measure to support rehabilitation."  *SunCruz Casinos, LLC*, 298 B.R. at 831.

33.     Moreover, consideration of the following additional factors used by courts to determine whether the appointment of a trustee is in the best interest of the parties under Section 1104(a)(2), also supports the appointment of a trustee:

> a. the trustworthiness of the debtor;
>
> b. the debtor's past and present performance and prospects for the debtor's rehabilitation;
>
> c. the confidence or lack thereof of the business community and of creditors in present management; and
>
> d. the benefits derived by the appointment of a trustee, balanced against the cost of the appointment.

*See In re Cajun Electric Power Co-Op, Inc.*, 1991 B.R. 659, 661-62 (M.D.La. 1995)

34. Here, the circumstances clearly demonstrate that the appointment of a chapter 11 trustee is in the best interest of the parties and the Debtors' estates.

35. The Debtors' trustworthiness is certainly in question where the Debtor has failed to maintain books and records or any bank account.

36. The Debtor's continuing mismanagement of the Debtor, including the failure to maintain appropriate insurance on the Property which poses a significant risk to the estate, does not bode well for successful rehabilitation of this Debtor.

37. Indeed, the continuing mismanagement of the Debtor's financial affairs and the existence of apparent conflicts of interest do not engender any confidence in the Debtor's current management.

38. Finally, the costs attendant to a trustee appointment pale in comparison to the losses that could be sustained by the Debtors' estates if the above-described incompetence and/or gross mismanagement of the Debtors' affairs that is evident thus far is allowed to continue.

39. Finally, the United States Trustee submits that the facts present in the instant case and in the Honeycliff Case are eerily similar and suggest a possible fraudulent scheme that involves inappropriate use of the bankruptcy system.

**II.     Alternatively, The Court Should Dismiss this Case or Convert it to Chapter 7**

40. Dismissal and conversion of Chapter 11 cases is governed by Section 1112(b), which provides that a bankruptcy court shall convert or dismiss a case, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

41. The term "cause" is not defined by the Bankruptcy Code, but Section 1112(b)(4) lists sixteen (16) examples of cause which justify dismissal or conversion:

> A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (B) gross mismanagement of the estate;

      (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
      (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
      (E) failure to comply with an order of the court;
      (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
      (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
      (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
      (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
      (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
      (K) failure to pay any fees or charges required under chapter 123 of title 28;
      (L) revocation of an order of confirmation under section 1144;
      (M) inability to effectuate substantial consummation of a confirmed plan;
      (N) material default by the debtor with respect to a confirmed plan;
      (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
      (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

*See* 11 U.S.C. § 1112(b)(4).

      42.    In this case, at a minimum, and as discussed more fully above, the record supports a finding of cause sufficient to warrant dismissal or conversion under (i) Section 1112(b)(4)(B) where the Debtor has exhibited gross mismanagement of the estate; and (ii) Section 1112(b)(4)(C) where the Debtor has failed to maintain insurance on valuable property of the estate

43. Accordingly, should this Court decline to order the appointment of a chapter 11 trustee, the U.S. Trustee submits that dismissal of this case, or conversion of this case to chapter 7 would be the next best alternative.

44. Pursuant to Bankruptcy Rules 2002 and 9006, the United States Trustee requests that the required notice period be shortened and that an expedited hearing be scheduled at such time and date as this Court deems appropriate.

WHEREFORE, the United States Trustee the United States Trustee respectfully requests (a) an expedited hearing at such date and time as the Court deems appropriate; (b) the entry of an order directing the appointment of a chapter 11 trustee, or alternatively, dismissing the above-captioned chapter 11 case, or converting this case to a case under chapter 7; and (c) such other and further relief as this Court may deem just and proper.

DATED: February 25, 2014.

                Guy G. Gebhardt
                Acting United States Trustee
                Region 21

                /s/  Zana M. Scarlett
                Zana M. Scarlett, Trial Attorney
                Florida Bar No.: 626031
                U.S. Trustee's Office
                51 SW 1st Ave., Room 1204
                Miami, FL 33130
                Phone: (305) 536-7285
                Fax: (305) 536-7360

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been served on the following parties on February 25, 2014, electronically through CM/ECF, on parties having appeared electronically in the instant matter and that a copy hereof shall be served by U.S. Mail, postage prepaid, on parties not appearing electronically as listed on the attached service list:

sbsecf@gmail.com, bklaw9999@gmail.com;bklaw99@aol.com

                /s/      Zana M. Scarlett
                Zana M. Scarlett, Trial Attorney

# EXHIBIT A

Filing # 9812503 Electronically Filed 02/03/2014 10:45:37 AM

*** FILED: BROWARD COUNTY, FL HOWARD FORMAN, CLERK 2/3/2014 10:45:34 AM.****

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT OF THE
STATE OF FLORIDA, IN AND FOR BROWARD COUNTY
CIVIL DIVISION

FEDERAL NATIONAL MORTGAGE ASSOCIATION

   Plaintiff,

vs.

CASE NO. CACE09058327

ROBERT G. ARMISTEAD; UNKNOWN SPOUSE OF
ROBERT G. ARMISTEAD; UNKNOWN TENANT(S) IN
POSSESSION OF THE SUBJECT PROPERTY; EUGENE P.
O'DONNELL, JR., AS RECEIVER FOR APD, INC.;
UNKNOWN SPOUSE OF EUGENE P. O'DONNELL, JR.;
JOHN A. FARNSWORTH; UNKNOWN SPOUSE OF
JOHN A. FARNSWORTH; CYNTHIA A. DZIURGOT;
UNKNOWN SPOUSE OF CYNTHIA A. DZIURGOT;
ADP, INC.;

   Defendant(s)
_____/

AMENDED NOTICE OF LIS PENDENS

TO DEFENDANT(S) ROBERT G. ARMISTEAD; UNKNOWN SPOUSE OF ROBERT G.
ARMISTEAD; UNKNOWN TENANT(S) IN POSSESSION OF THE SUBJECT
PROPERTY; EUGENE P. O'DONNELL, JR., AS RECEIVER FOR APD, INC.;
UNKNOWN SPOUSE OF EUGENE P. O'DONNELL, JR.; JOHN A. FARNSWORTH;
UNKNOWN SPOUSE OF JOHN A. FARNSWORTH; CYNTHIA A. DZIURGOT;
UNKNOWN SPOUSE OF CYNTHIA A. DZIURGOT; ADP, INC.; AND ALL OTHERS
WHOM IT MAY CONCERN:

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING:

(a) The plaintiff has instituted this action against you seeking to foreclose a mortgage with respect to the property described below;
(b) The plaintiff in this action is:

FEDERAL NATIONAL MORTGAGE ASSOCIATION

(c) The case number of the action is as shown in the caption.
(d) The property that is the subject matter of this action is in Broward County, Florida, and is described as follows:

Lot 12, Block 4, SUNRISE, according to the plat thereof, as recorded in Plat Book 28, Page 42, of the Public Records of Broward County, Florida.

DATED THIS ___ DAY OF _January_, 2014.

David W. Aring, Esq.
Florida Bar # 0621471

Megan L. Lazenby/Florida Bar #0014285
Law Offices of Daniel C. Consuegra, P.L.
9204 King Palm Dr., Tampa, FL 33619
Phone: (813) 915-8660/Fax: (813) 915-0559
attorneynotice@consuegralaw.com

THIS IS NOT AN OFFICIAL COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Amended Notice of Lis Pendens has been furnished by U.S. Mail to all parties on the attached Master Civil Service List this 29 day of January, 2014.

David W. Aring, Esq.
Florida Bar # 0521471

### MASTER CIVIL SERVICE LIST

ATTORNEY FOR PLAINTIFF
LAW OFFICES OF DANIEL C. CONSUEGRA, P.L.
9204 KING PALM DR.
TAMPA, FL 33619

ROBERT G. ARMISTEAD
JORDAN WAGNER, ESQ
LAW OFFICES OF JORDAN I. WAGNER, P.A.
2400 EAST COMMERCIAL BLVD., STE 820
FORT LAUDERDALE, FL 33308
JIW@JORDANWAGNERLAW.COM

UNKNOWN SPOUSE OF ROBERT G. ARMISTEAD
3611 NORTHEAST 34TH AVENUE
FORT LAUDERDALE, FL 33308

THIS IS NOT AN OFFICIAL COPY

# EXHIBIT B

INSTR # 112092316, OR BK 50539 PG 819, Page 1 of 2, Recorded 02/10/2014 at 02:58 PM, Broward County Commission, Doc_D: $0.70 Deputy Clerk 3305

Case 14-13218-JKO    Doc 15    Filed 02/25/14    Page 17 of 18

## QUIT CLAIM DEED

RETURN TO

SKIVIEW II INC.
1915 NE 45TH ST.
FORT LAUDERDALE, FLORIDA 33308

Property Appraisers Parcel Identification No.

5042-01-32-0600

**THIS QUIT CLAIM DEED**, executed this 11thday of January 2014 by Robert Armistead whose address is 2415 NE 8th St. Fort Lauderdale, Florida 33304, "Grantor" to Skiview II Inc. a Delaware Corporation, whose address is 1915 NE 45th St. Fort L:auderdale, Florida 33308 'Grantee'

**WITNESSETH,** That the said Grantor, for and in consideration of the sum of $10.00 in hand paid by the said Grantee, the receipt whereof is hereby acknowledged, does hereby demise, release and quit claim unto the said Grantee forever, all of the right, title, interest, claim and demand which the said Grantor has in and to the following described lot, piece or parcel of land, situated, lying and being in the County of Broward, State of Florida, to wit

Lot 12, Block 4, SUNRISE, according to the map or plat
thereof as recorded in the Plat Book 28, Page 42, Public Records of Broward
County, Florida,

SUBJECT TO: Mortgages, reservations, restrictions, easements,
and liabilities of record and taxes for the year 2013 and all subsequent years,

**TO HAD AND TO HOLD,** the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining and all of the estate, right title, interest, line, equity and claim whatsoever of the said Grantor, either in law or equity, to the only proper use, benefit and behalf of the said Grantee forever,

**IN WITNESS WHEREOF,** the said parties have signed and sealed these presents, the day and year first above written,

THIS IS NOT AN OFFICIAL COPY

| SIGNED, SEALED AND DELIVERED | GRANTOR |
|---|---|
| IN PRESENT OF : | Robert G. Armistead |

*[Signature]*
Joseph D. Ross
Printed or typed name

*[Signature: Robert G Armistead]*

*[Signature]*
CHARLES FOLEY
Printed or typed name

**STATE OF FLORIDA**
**COUNTY OF BROWARD**

The foregoing was acknowledged before me this ___ day of _____ 2014, by Robert G. Armistead, who has produced and identification of his drivers license.

*[Signature]*
Notary Public

My commission Expires:

CARLOS HENRIQUEZ
Notary Public, State of Florida
Commission # EE 219701
My comm. expires July 26, 2016

THIS IS NOT AN OFFICIAL COPY