UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:

Skiview II, Inc.                    Case No. 14-13218-BKC-JKO
Debtor                              Chapter 11

To the Hon. Judge John K. Olson, US-Bankruptcy Court, District of Southern Florida:

COMES NOW:   JOHN A. FARNSWORTH, Interested Party herein and hereby states with supporting documents:

# EMERGENCY RESPONSE PER SHORT NOTICE

I , John A. Farnsworth, a resident of Massachusetts, residing at 75B Walnut Street, Clinton, Worcester County, state the following;

On Saturday 1-March 2014,  I received Notice of the 4-March Hearing for Honeycliff-Ltd, FL Bankruptcy 14-11005-JKO.  To date, I have not received notice through the US-Post of the scheduled 4-March-2014 hearing in the Skiview II, Inc. matter, FL Bankruptcy 14-13218-JKO.

It is my belief that the two filings are linked.  Robert G. Armistead and Robert F. Dziurgot are woven into both and the assets reported link back to what's been repeatedly termed a "shell-game" to frustrate the Farnsworth, John A. Farnsworth v. Cynthia Dziurgot ( *Robert Dziurgot's sister* ), MA Case WO-95DR-2358-DV2, Decreed in year 2008.

Alleged Assets
Skiview II, Inc., FL Bankruptcy 14-13218-JKO
**2415 NE 8th Street and 2601 NE 11th Court, Ft-Lauderdale, FL**

And

Honeycliff-Ltd, FL Bankruptcy 14-11005-JKO
**2200 Middle River Drive and 4019 NE 34th Ave, Ft-Lauderdale, FL**



U.S. BANKRUPTCY COURT
SO. DISTRICT OF FLORIDA

MAR 10 2014

FILED          RECEIVED

*Southern District of Florida, Bankruptcy Court*
*Chapter-11 Case 14-13218-JKO, Skiview II, Inc.*

1

Attached, please find three ( 3 ) CHALKS I've prepared detailing available record information I would assemble and submit to the FL-14-13218-JKO proceedings.

Herein, **I make four requests ...**

1. Time be extended me to prepare a submission and to find Counsel representation.

2. The matter remain in the Bankruptcy Court,

3. A Trustee be appointed,

4. The Ft-Lauderdale/ Miami, FBI White-Collar Crime Unit be engaged to investigate this matter and the individuals involved.


Respectfully/ Sincerely,

John A. Farnsworth

## CERTIFICATE OF SERVICE

I, John A. Farnsworth, hereby certify that on or about the 3rd day of March 2014 ( *a Monday* ), I forwarded the attached document to the Parties on the attached Service List by US-Postal first class, postage prepaid.

Counsel for Skiview II, Inc. has NOT been noticed as I have had no indication or notice of who or where to forward filings.


JOHN A. FARNSWORTH

Dated:  3-March 2014

John A. Farnsworth, Pro-Se
75B Walnut Street, Clinton, MA 01510
978-365-5577

## SERVICE LIST

**By 1ˢᵗ Class U.S. Postal Service**
**Robert F. Dziurgot** ( Homestead )
**Robert G. Armistead** ( Residence )
Honeycliff-Ltd. ( GB & DE )
Christopher G. Farah
Derek Nahous
IMOCO-Ltd.
Chepstow Mews
GA Design & Development
Waterforde, LTD
Skyline View, Inc.
Skylineview, Inc.
Lossen Financial, Inc.
Na-Mor, Inc. (DE & FL)
APD Inc. & APD I, Inc.
Thornton-Capital
Investment-Group FL-RE
**3611 NE 34ᵗʰ Avenue**
**Fort Lauderdale, FL 33308**

Zana M. Scarlett, Esq.
Trial Attorney, US-Dept-of-Justice
Office of the US-Trustee
51 S.W. 1ˢᵗ Avenue, Suite 1204
Miami, FL 33130

Farnsworth's MA-Family Court Counsel:
Attorney E. John Anastasi
Anastasi & Associates
Post Office Box No. 552
Oxford, MA 01540
( 508 ) 987-8700
eja@anastasilaw.com

Honeycliff-Ltd
c/o: David K. Blazek, Esq.
1825 NW Corp-Blvd, Suite 110
Boca-Raton, FL 33431-8559

*Southern District of Florida, Bankruptcy Court*
*Chapter-11 Case 14-13218-JKO, Skiview II, Inc.*

3

# 2415 NE 8th Street
# Ft-Lauderdale, FL
# PROPERTY

**HOMESTEAD**
Robert G. Armistead
Declaration of Homestead
Broward Bk 47125, Pg 698
Recorded 6-07-2010

**2415 NE 8th St**
Ft-Lauderdale, FL
**PROPERTY**

2415 NE 8th Street
Lot 12, Block 4 Sunrise
Plat Bk 28, Page 42
Ft-Lauderdale
Broward County, FL

**TESTIMONY**
April thru July 2008
Cynthia Dziurgot stated
2415 NE 8th Street
to be her address in
FL-Bankruptcy
08-14217-RBR
An address found by the
Court to be VACANT
for some 3-years.

## YEAR 2014

### AMMENDED NOTICE
### of LIS PENDENS

Broward County Registry of Deeds,
_See_ Bk 50523, Pg 121, Recorded **4-Feb-2014**
Fed-Nat-Mortgage-Assoc vs. Robert
Armistead
Broward Case No. CACE-09-058327

### QUIT CLAIM DEED
Robert G. Armistead to Skiview II, Inc. **a DE**
**Corporation,** dated 11 January 2014, recorded
10 February **2014** _See_ Broward County
Registry of Deeds, Bk 50539, Page 819.

_Nota Bene: Skiview II Inc., a Florida Corp
was filed 10-February 2014, Robert Dziurgot
Director._

### BANKRUPTCY
**Skiline View Inc.**
FL-Banruptcy, Case 14-00015-JKO
filed 11 February 2014
Assets: 2601 NE 11th Court and
2415 NE 8th Street, Ft-Lauderdale
_( alleged assets )_

Appraiser testimony
before Special Master Francis Russell,
on 29 March 2004, indicated the
appraised value of 2415 NE 8th Street
to be $485,000 (See Page 26).
An increase in value from a year 2002
appraisal of $398,000
submitted to the Special Master

**MORTGAGE, $380,000.oo**
Having been noticed on 4 Nov 2005 of a
pending action for the appointment of a
receiver and Lis-Pendens attachments in
Worcester Docket No. 95-DR2358-DV2,
per the Broward Deeds, Mortgage,
2415 NE 8th Street, $380,000 per
Deed Bk 40864, Pg 1807, Pgs 1873-1888
Recorded: 11-09-2005

City of Ft. Lauderdale 12-04-02
Assessed Value: $ 224,020

Siegel Appraisal 2-14-2002
Appraised Value: $ 398,000

**Quit Claim Deed**
Recorded 1-12-2002
Dated: 12-26-2001
APD, Inc. to Robert G. Armistead
Broward Bk 32617, Pg 503
endorsed by Robert Dziurgot as
President of APD, Inc. in MA,
Notarized by Bruce Center

**Mortgage**
Robert G. Armistead,
Suntrust Bank for $100,000
Broward Bk 32575, Pg 426
12-31-2001

**Warranty Deed**
Recorded 1-04-2002
Dated: 12-31-2001
APD, Inc. to Robert G. Armistead
Broward Bk 32575, Pg 421
for $10 and other consideration
endorsed by Robert Dziurgot as
President of APD, Inc.

**General Affidavit**
of **Cynthia Dziurgot**
.. in February 1996 ..
"APD Inc. was an entity that
did not exist"
See Broward Book 46842,
Page 1387
Recorded 1-29-2010,
Dated 11-23-2009

**DEED - TRANSFER**
Cynthia A. Dz-Farnsworth
a Married Woman and
Cynthia A. Dziurgot as Agent
for APD, Inc. to APD, Inc.
Broward Deed Bk 24555, Pg 17,
Dated: 02-29-1996, **Feb-1996**

1st    Divorce Complaint:    8-09-1995
**2nd    Divorce Complaint:    1-22-1996**

**John Farnsworth-Cynthia Dziurgot**
**Married: 11-15-1986**

Prepared by: John A. Farnsworth
February-2014

# 2601 NE 11th Court
## Ft-Lauderdale, FL
## PROPERTY

2601 NE 11th Court
Lot 8, Block 2
Coral Ridge South
Plat Bk 24, Page 41
Ft. Lauderdale
Broward County
Florida

### Receiver Assigned
07-15-2009  4-Honeycliff Shares ( 40% )
and North 2601 Inc.
06-17-2009  Authorized to hire FL-Counsel
03-04-2009  CD-Holdings, APD, Na-Mor Inc.
Dziurgot RE, Elam RE-Tust,
Na-Mor Inc Realty Trust

### MASTER'S REPORT
In April 2007, the Master found and reported the property as a marital asset valued at $400,000.oo

### Assessed Value
In Dec-2006, the Ft. Lauderdale Assessor's valued 2601 NE 11th Court at $526,984.

### Nota-Bene  Note-Well
Prior to Robert Dziurgot's
RELEASE
RDz executed PAUPER's
Affidavits in 1988, 89 & 1990
RDz's Fines were converted
committed to uncommitted
and never paid

### TESTIMONY
Submitted to the Special Master in 2002
Property Appraisal reported a value of $400,000. In Master's testimony, the value in March 2004 was $410,000.oo

**15 April 1999**
Cynthia A. Dziurgot, President endorsed a Voluntary Dismissal representing North 2601, Inc.
See Broward Book 29443, Page 1446

**5 April 1999**
Robert G. Armistead endorsed a Warranty Deed as President of North 2601, Inc. See Broward Book 29386, Page 590

### PAROLE
Robert F. Dziurgot's Paroled ended on 23 October 1998.

Released 29 March 1990 " to remain within the limits of MA until 23 October 1998".

### DEED
North 2601, Inc., Robert G. Armistead, President ... to .. *Robert F. Dziurgot*, a Single Man. Address: 2601 NE 11th Court, Ft. Lauderdale, FL.
See Deed Bk 29386, Page 590
4-05-1999
for $10 & other consideration

During Robert Dziurgot's PAROLE ....
Robert F. Dziurgot, Christopher G. Farah and *Robert G. Armistead* were living at **2601 NE 11th Court**
Armistead was presented to Farnsworth as a Pauper, occupying the property as a "*guest*" of Robert Dziurgot ....
Robert Dziurgot being a "*guest*" of the FARNSWORTHs

Robert Dziurgot was captured by US-Marshals in March 1986 apprehended with 3-Passports

### MORTGAGE DEED
Broward County Registry of Deeds, Mortgage Deed, See Bk 22750, Pg 988, 18 October 1994
Raffel ... to .. **Waterforde II, Ltd**. ...
Christopher Farah, President, Cynthia Dziurgot, Vice President.

### YEARS 2013 and 2014

#### FINAL JUDGMENT of FORECLOSURE
Broward County Registry of Deeds, Final Judgment, FORECLOSURE, See Bk 49828, Pg 809, Recorded 24-May-2013
Chase Home Finance vs. Robert Dziurgot
Broward Case No. CACE-0951057

### Robert F. Dziurgot
1-25-1982 Failed to Report
10-20-1980 Convicted NH Fed-Court
4-10-1980 Convicted NH Fed-Court
9-17-1979 Indicted NH Grand Jury

### WARRANTY DEED
Cynthia A. Dziurgot endorsed a Warranty Deed as President of North 2601, Inc.
See Broward County Registry of Deeds, Bk 22750, Page 983 transferring
10-11-1994
2601 NE 11th Court to North 2601, Inc.

#### WARRANTY DEED
Robert F. Dziurgot, a single man to Skiview II, Inc. **a DE Corporation**, dated 31 August 2009, recorded 15 April 2013
See Broward County Registry of Deeds, Bk 49600, Page 1042.

*Note the 43-month lapse between alleged endorsement and recording.*

*Note the employment of WARRANTY DEED transfer.*

### LIEN
A lien filed against Robert Dziurgot for services provided on another property indicates Robert was using the 2601 NE 11th Court as an address. See Broward County Deed Bk 22379, Page 724
7-12-1994

*Nota Bene: Skiview II Inc., a Florida Corp was filed 10-February 2014, Robert Dziurgot Director.*

#### BANKRUPTCY
FL-Banruptcy, Case 14-13218-JKO filed 11 February 2014
Assets: 2601 NE 11th Court and 2415 NE 8th Street, Ft-Lauderdale
*( alleged assets )*

### INCORPORATION
23 December 1991
North 2601, Inc. was incorporated in Delaware, Cynthia A. Dziurgot President. North 2601, Inc. was **dissolved 25 May 1999**

### DEED
Marcia A. Fariser Raffel .. to ... North 2601, Inc., Cynthia A. Dziurgot, President.
Broward Bk 19086, Page 546
01-17-1992
for $10 and other consideration

### John Farnsworth-Cynthia Dziurgot
**Married: 11-15-1986**

Prepared by: John A. Farnsworth
February -2014

## Mortgage of
## 2601 NE 11th Court
## Ft. Lauderdale, FL

*24th August 2006, 8-24-2006, Thursday. A routine check of the Broward County, Florida, Registry of Deeds, www.broward.org <http://www.broward.org> indicated that on 8-16-2006, Robert F. Dziurgot executed a $300,000 Mortgage against 2601 NE 11th Court, Ft Lauderdale, FL, recorded 8-23-2006 at Book 42648, Page 1523, 16-pages.*

*In 1997 and 1999 Depositions, Cynthia Dziurgot testified that North 2601, Inc. held fee title to 2601 NE 11th Court, that CD Holdings held all shares of North 2601, Inc. and Cynthia Dziurgot owned all shares of CD Holdings.*

*Cynthia Dziurgot was President of North 2601, Inc. until 1999 when President Robert G. Armistead transferred the property to Robert F. Dziurgot, Cynthia's Brother. Records recovered from the State of Delaware stated that Cynthia Dziurgot incorporated North 2601, Inc. in December of 1991.*

*Cynthia Dziurgot was "swapped-out" as President to facilitate the transfer to Cynthia's Brother, Robert F. Dziurgot.*

*Inspection of the Mortgage indicated Robert Dziurgot attested to occupation of the property and being lawfully seized in title.*

*The document was Notarized by Cynthia and witnessed by Robert G. Armistead and Andrew P. Dziurgot (Father).*

*A "license" was produced as identification. Robert Dz's MA license stated domicile in MA, his FL license stated residence at 2415 NE 8th Street, Ft. Lauderdale.*

*The MA incorporation of Skylineview, Inc. presented Robert Dziurgot as Registered Agent, implying domicile in MA.*

*Deposition testimony with FL Atty Chris Fisher in 2004 stated R-Dziurgot lived with his "lover" Robert Armistead at 2415 NE 8th Street.*

## Note Well -
## Nota Bene

**Judge King, MA Family Court issued a Restraining Order, dated 21 June 2006 No encumberances**

**Judge King's Order was affirmed by the MA-Appeals Court on 18 July 2006.**

**See: MA-Appeals Case 2006-J-0342**

## N-2601 11th Court
**was/is a tenenat occupied property**

**Question: where, who has taken the rental income ?**

Prepared by: John A. Farnsworth
February 2014

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:

HONEYCLIFF, LTD.                             Case No. 14-11005-BKC-JKO
Debtor                                       Chapter 11

To the Hon. Judge John K. Olson, US-Bankruptcy Court, District of Southern Florida:

COMES NOW: JOHN A. FARNSWORTH, Interested Party herein and hereby states with supporting documents:

---

I , John A. Farnsworth, a resident of Massachusetts, residing at 75B Walnut Street, Clinton, Worcester County, state the following;

a. In August 1995, as I went to the district courthouse in Worcester-MA to file a 1st Complaint for Divorce, my wife, Cynthia A. Dziurgot, went to Boston's Logan Airport and flew to Ft-Lauderdale, Florida. I have copies of Cynthia's air-tickets, American Express expenditures and correspondence.

b. The purpose of Cynthia's travel to Ft-Lauderdale was to enlist her brother, Robert F. Dziurgot, and two of his known associates, Robert G. Armistead and Christopher G. Farah to defraud me of my interest in the Farnsworth marital estate.

   o Nota-Bene: Activity employing multiple-persons in multiple-jurisdictions began immediately and continues today.

c. Within a month of my filing a 2nd Complaint for Divorce in January 1996, Cynthia transferred four Ft-Lauderdale, Florida, properties to a Corporation that did not exist, APD-Inc.

d. Between 1995 and 2007, every conceivable ploy was been levied to prolong and protract the Discovery process. The 4th and final Special Master was given to schedule and cancel over 120-meetings to achieve 21-hearings before Cynthia Dziurgot refused to appear, closing the process.

e. The MA-Family Court Decreed my Divorce in January-2008, referencing a Sept-2007 Master's Report identifying properties deemed marital assets. The two properties presented in the Honeycliff-Ltd, FL-14-11005-JKO Bankruptcy appear on that list.

f. Within the Divorce-Decree, Cynthia Dziurgot was given a $100,000.oo Sanction for dilatory conduct, *expressly for protracting the process*.

g. As series of Bankruptcies in both MA and FL ensued, their purpose was to stay Cynthia's incarceration for contempt and attempt to divest the marital assets.

h. Among many MA-Family Court orders were the appointment of a Receiver ( *Eugene O'Donnell, represented by the law-firm Fletcher-Tilton, Worcester-MA* ) and creation of a MA Limited Liability Corporation, Massachusetts Receiver LLC.

i. As outlined in a STIPULATION AGREEMENT, Cynthia Dziurgot endorsed WARRANTY DEEDS to property at 2200 Middle River Drive and 4019 NE 34th Avenue, Ft-Lauderdale, FL ... transferred to the Massachusetts Receiver LLC ( **a MA-LLC** ) ... to be administered and sold by the Receiver to satisfy the Judgment, division of estate, ordered to be paid me as part of the Farnsworth divorce.... *properties now alleged to be Honeycliff-Ltd. assets in the FL-14-11005-JKO Bankruptcies.*

*j.* Whatever the claims ... It is impossible to overcome that forged deeds were executed in Boston, Massachusetts, recorded in Broward County, allegedly transferring these properties to Honeycliff-Ltd.

*k.* Whatever the claims ... A pretender Massachusetts Receiver LLC was fraudulently created in Florida ( **a FL LLC** ) intentionally for the purpose of obtaining DEFAULT Judgments ... *end-running the Massachusetts Court by employing a Florida mail "drop-box".*

l. Between 1995 and 2014, substantial rental monies were taken from these properties, to this day, unaccounted.

Herein, **I make three requests ...**

1. The matter remain in the Bankruptcy Court,

2. A Trustee be appointed,

3. The Ft-Lauderdale/ Miami, FBI White-Collar Crime Unit be engaged to investigate this matter and the individuals involved.

Respectfully/ Sincerely,

John A. Farnsworth

*Southern District of Florida, Bankruptcy Court*
*Chapter-11 Case 14-11005-JKO, Honeycliff-Ltd*

2

# John A. Farnsworth
## 75B Walnut Street, Clinton, MA 01510
### ( 978 ) 365-5577 ( voice )

IN RE:

HONEYCLIFF, LTD.
Debtor

Case No. 14-11005-BKC-JKO
Chapter 11

## CERTIFICATE OF SERVICE

I, John A. Farnsworth, hereby certify that on or about the 3rd day of March 2014 ( *a Monday* ), I forwarded the attached document to Honeycliff-Ltd. counsel David Blazek by E-Mail at david@blazek-law.com and to the Parties on the attached Service List by US-Postal first class, postage prepaid.

JOHN A. FARNSWORTH

Dated: 3-March 2014

John A. Farnsworth, Pro-Se
75B Walnut Street, Clinton, MA 01510
978-365-5577

## SERVICE LIST

### By 1st Class U.S. Postal Service
**Robert F. Dziurgot** ( Homestead )
**Robert G. Armistead** ( Residence )
Honeycliff-Ltd. ( GB & DE )
Christopher G. Farah
Derek Nahous
IMOCO-Ltd.
Chepstow Mews
GA Design & Development
Waterforde, LTD
Skyline View, Inc.
Skylineview, Inc.
Lossen Financial, Inc.
Na-Mor, Inc. (DE & FL)

APD Inc. & APD I, Inc.
Thornton-Capital
Investment-Group FL-RE
**3611 NE 34th Avenue**
**Fort Lauderdale, FL 33308**

Zana M. Scarlett, Esq.
Trial Attorney, US-Dept-of-Justice
Office of the US-Trustee
51 S.W. 1st Avenue, Suite 1204
Miami, FL 33130

Farnsworth's MA-Family Court Counsel:
Attorney E. John Anastasi
Anastasi & Associates
Post Office Box No. 552
Oxford, MA 01540
( 508 ) 987-8700
eja@anastasilaw.com

David K. Blazek, Esq.
1825 NW Corp-Blvd, Suite 110
Boca-Raton, FL 33431-8559

1

# John A. Farnsworth
**75B Walnut Street, Clinton, MA 01510**
**( 978 ) 365-5577 ( voice )**

IN RE:

HONEYCLIFF, LTD.                    Case No. 14-11005-BKC-JKO
Debtor                              Chapter 11

## **Enclosed Documents** .... 3-March-2014

Farnsworth,  2-page overview

Exhibit-1   Judgment of Divorce Nisi, April 4, 2008, 1-page
Exhibit-2   Master's Report, September 5, 2007, 10-pages
Exhibit-3   Restraining Order, June 21, 2006, 1-page
Exhibit-4   Restraining Order, January 15, 2014, 1-page
Exhibit-5   Order After Review, January 29, 2014, 1-page
Exhibit-6   Order, December 11, 2013, 1-page

2

**Commonwealth of Massachusetts**
The Trial Court
**Probate and Family Court Department**

Docket No. 95D2358-DV2

### Judgment Of Divorce Nisi

**John A. Farnsworth**, Plaintiff
of **Lancaster** in the County of **Worcester**

v.

**Cynthia A. Dziurgot Farnsworth**, Defendant
of **Clinton** in the County of **Worcester**

All persons interested having been notified in accordance with the law, and after hearing, it is adjudged nisi that a divorce from the bond of matrimony be granted the said plaintiff for the cause of **irretrievable breakdown** as provided by Chapter 208, section 1B, and that upon and after expiration of ninety days from the entry of this judgment, it shall become and be absolute unless, upon the application of any person within such a period, the Court shall otherwise order. It is further ordered that:

1.  The Master's Report dated September 5, 2007 is hereby adopted by the Court as a final judgment. The Defendant is further assessed $100,000.00 in attorneys fees for frustrating the progress of this divorce by primarily causing the case to take over eleven (11) years to reach conclusion by the moving of assets and failure to comply with discovery and prior orders of this Court.

Dated: January 4, 2008

Absolute: April 4, 2008

Justice of Probate and Family Court
Ronald W. King

c.g f

EXHIBIT 1 of 6, 1-Page

## COMMONWEALTH OF MASSACHUSETTS

**WORCESTER, SS.**

**PROBATE COURT DEPARTMENT**
**NO. 95DR-2358-DV2**

Filed 9-21-2007

| | |
|---|---|
| JOHN A. FARNSWORTH ) | |
| PLAINTIFF ) | |
| ) | **MASTER'S REPORT** |
| VS. ) | |
| ) | |
| CYNTHIA DZIURGOT FARNSWORTH) | |
| DEFENDANT ) | |

A hearing was held before the Master on August 16, 2007 on the Master's Draft Report which had been previously submitted to the parties. Both parties were represented by counsel and each presented their objections to the Master's Report. On the basis of the information presented by the parties at the hearing I am filing these supplemental findings which supersede the findings submitted in the Draft Report. The following is the Master's Supplemental Report:

### I.        FACTUAL BACKGROUND

The parties were married on November 15, 1986. There are no minor children of this marriage.

Prior to the marriage the Defendant Cynthia Dziurgot Farnsworth ("Defendant") began investing in Massachusetts real estate. In 1980, the Defendant along with her then business partner John Hastings, purchased the property located at 799 Mount Elam Road, Fitchburg, Massachusetts.

In 1981 the Defendant formed a corporation called CD Holdings, Inc. ("CD") and was its sole shareholder. In addition, she formed Namor, Inc. ("Namor") and APD, Inc. ("APD"). These

**EXHIBIT " A "**

EXHIBIT 2 of 6,  1-Page of 10

175

entities were created for the purpose of holding and managing real estate and were wholly owned subsidiaries of CD Holdings.

In 1983 the Defendant purchased property located at 75-77 Walnut Street, Clinton, Massachusetts. It was during the course of that transaction that she met the Plaintiff.

At the time the Plaintiff had been working as an engineer for his family's business, Farnsworth Engineering, since the time of his graduation from Worcester Polytechnic Institute in 1982.

Subsequent to their marriage in 1986 the defendant purchased a number of properties in Fort Lauderdale, Florida including:

      a.    2424 Middle River Drive, Fort Lauderdale, Florida;

      b.    4019 North East 34th Avenue, Fort Lauderdale, Florida;

      c.    2200 Middle River Drive, Fort Lauderdale, Florida;

      d.    3611 North East 39th Avenue, Fort Lauderdale, Florida;

      e.    2415 North East 8th Street, Fort Lauderdale, Florida.

411 Water Street, Clinton, Massachusetts was purchased in 1994, as well as 18 Mt. View Drive in Clinton in 1993.

In addition, 2601 NE 11th Court in Fort Lauderdale Florida was purchased by an entity named North 2601 Corp. This corporation was a wholly owned subsidiary of APD, Inc., which as outlined above was a wholly owned subsidiary of CD Holdings.

In 1992 the Plaintiff became the sole shareholder of Farnsworth Engineering.

On August 9, 1995 the parties separated and have lived separate and apart since that date. There were no children born of this marriage.

2

EXHIBIT 2 of 6, 2-Page of 10

Presently the parties are both in good health. The Defendant is 52 years old and the Plaintiff is 55 years old.

The Plaintiff is employed as a professional land surveyor and registered sanitarian with Farnsworth Engineering Associates, 35 Pine Hill Road, Lancaster, Massachusetts. The Defendant is employed as a practicing attorney in the Commonwealth of Massachusetts and she is a licensed real estate broker in Massachusetts and Florida. Both parties are likely to continue to be employed in their respective professions for the foreseeable future.

After the parties separation, the Defendant transferred many of the above-described properties to the various subsidiaries of CD Holdings. These transfers culminated in 1996 when CD Holdings was merged with a UK corporation known as Honeywell Ltd. ("Honeywell"). Honeywell now owns a majority of those properties that were purchased during the parties' marriage and Defendant is a forty percent (40%) shareholder of Honeywell.

## II.        MARITAL ASSETS

I find that the following assets were marital assets:

a.        75-77 Walnut Street, Clinton, Massachusetts;

b.        799 Mt. Elam Road, Fitchburg, Massachusetts;

c.        411 Water Street, Clinton, Massachusetts;

d.        18 Mount View Drive, Clinton, Massachusetts;

e.        2424 Middle River Drive, Fort Lauderdale, Florida;

f.        4019 North East 34th Avenue, Fort Lauderdale, Florida;

g.        2200 Middle River Drive, Fort Lauderdale, Florida;

h.        3611 North East 39th Avenue, Fort Lauderdale, Florida;

i.        2415 North East 8th Street, Fort Lauderdale, Florida;

3

EXHIBIT 2 of 6, 3-Page of 10

⊖          ⊖

    j.      2601 NE 11th Court, Fort Lauderdale, Florida; and

    k.      Shares in Farnsworth Engineering Incorporated.

The valuation of these properties for purposes of distribution is discussed in subsequent findings.

The subsequent transfer of the real estate/properties from the Defendant to either Namor, Inc., the Elam Real Estate Trust, APD, Inc., CD Holdings, Inc. or Honeywell, Ltd. requires valuation of these assets to determine the division of the marital estate.

The Defendant presented evidence regarding the Plaintiff's interest in DeFalco Engineering, Inc. as well as a buildable house lot in Lancaster, Massachusetts. There was no credible evidence presented of a valid interest held by the Plaintiff in DeFalco Engineering; therefore this is not considered a marital asset. Furthermore, the evidence shows that the buildable lot was transferred from the Plaintiff and that he realized no gain from that transfer. Therefore, the buildable lot is also not considered in the valuation of marital assets.

"III.   MARITAL ASSET VALUATION

    1.      The defendant was the sole shareholder of CD Holdings of Delaware, Ltd. ("CD Holdings").

    2.      At the time the parties' separated in 1995, CD Holdings was the sole owner of Na-Mor, Inc. ("Na-Mor") and APD, Inc. ("APD").

    3.      Na-Mor and APD owned various parcels of real estate. CD Holdings filed consolidated income tax returns with Na-Mor and APD. (Exs. 102, 103 and 104).

    4.      Subsequent to the parties' separation, defendant completed a merger of CD Holdings with a United Kingdom corporation, Honeycliff Ltd. In exchange for contributing all

4

EXHIBIT 2 of 6, 4-Page of 10

of her stock of CD Holdings to the merger, defendant received a 40% ownership interest in Honeycliff Ltd.

5.  The parties were separated in August, 1995.

6.  Subsequent to their separation neither party contributed to the living expenses of the other nor did either party pay any expenses on behalf of the other party.

7.  During the period the parties resided together it appeared that both parties contributed financially to their personal living expenses and to the maintenance of the parties' various property interests.

8.  Plaintiff assisted defendant in her various real estate ventures by lending his expertise as an engineer and by assisting her with various manual labor in connection with the ownership of said properties.

9.  The marital partnership was effectively terminated at the time of the parties' separation in August of 1995.

10. At the time of the parties' separation and prior to the merger of CD Holdings with Honeycliff Ltd., the defendant and/or subsidiaries of CD Holdings owned the following parcels of real estate:

    a.   75 and 77 Walnut Street, Clinton, MA;
    b.   799 Mt. Elam Road, Fitchburg, MA;
    c.   2415 North East 8th Street, Ft. Lauderdale, FL;
    d.   2601 North East 11th Court, Ft. Lauderdale, FL;
    e.   3611 North East 34th Avenue, Ft. Lauderdale, FL;
    f.   4019 North East 34th Avenue, Ft. Lauderdale, FL;
    g.   2200 Middle River Drive, Ft. Lauderdale, FL;
    h.   411 Water Street, Clinton, MA.

11. At the time of the parties' separation the plaintiff was the owner of 100% of the outstanding shares of Farnsworth Engineering Associates, Inc.

5

EXHIBIT 2 of 6, 5-Page of 10

12. **Valuation of Farnsworth Engineering Associates, Inc.**

a.     Farnsworth Engineering Associates, Inc. was in the business of providing civil engineering services.   There is no evidence submitted that would indicate Farnsworth Engineering was the owner of any appreciable assets.   No evidence was presented by the defendant concerning the valuation of the shares of Farnsworth Engineering Associates, Inc.   For purposes of the division of assets, no value is assigned to plaintiff's shares of Farnsworth Engineering Associates, Inc.

13. **Valuation of CD Holdings, Inc.**

a.    At the time of trial defendant submitted income tax returns of CD Holdings, Inc. for the fiscal years ending January 31, 1995 (Ex. 102) and January 31, 1996 (Ex. 103).

b.    No evidence was submitted by defendant with respect to the value of her shares in CD Holdings.

c.    Plaintiff submitted expert testimony to the Master concerning the fair market values of the real estate holdings owned by defendant or corporations owned and controlled by her as of February 2002 and February 2004.

d.    The balance sheets in the tax returns of CD Holdings (Ex. 102, 103, 104) reflect liability of the consolidated companies as of the respective year ends.

e.    Since CD Holdings and subsidiaries are the owners of real estate, in order to determine the net value of defendant's stock in the company, it is necessary to adjust the net book value of CD Holdings to reflect the fair market value of the assets owned by CD Holdings and it's subsidiaries.

6

EXHIBIT 2 of 6,  6-Page of 10



f.    The only evidence of value of the various properties were the values submitted by expert testimony of plaintiff's witnesses. As of January 31, 1996 the total liabilities of CD Holdings according to the balance sheet in it's 1995 income tax return, (Ex. 103) were $2,024,936. Since CD Holdings merged with Honeycliff Ltd. soon after that date, defendant no longer had the ability to further encumber the assets formerly owned by CD Holdings subsidiaries. Defendant testified that she has not received any distributions from Honeycliff Ltd and defendant submitted no evidence that there were any further encumbrances imposed upon the real estate holdings. For purposes of determining the net value of the marital assets I have assumed liabilities in the amount of $2,024,936.

g.    In determining the fair market value of the assets of CD Holdings I am using the appraised values as submitted by plaintiff's experts. Since neither plaintiff nor defendant had any active role in the real estate subsequent to the merger of CD Holdings with Honeycliff Ltd. it is reasonable to use the latest valuation dates since any growth in value would be a result of passive appreciation not attributable to the efforts of either party.

h.    the fair market value of the assets of CD Holdings using the latest appraised values are as follows:

|  |  |  |
|---|---|---|
| i. | 75-77 Walnut St., Clinton, MA a/o of February 2002 | $515,000.00 |
| ii. | 411 Water St., Clinton, MA | 63,500.00* |
| iii. | 4019 North East 34th St., Ft. Lauderdale, FL a/o February 2004 | 615,000.00 |
| iv. | 2200 Middle River Dr., Ft. Lauderdale FL a/o February 2004 | 450,000.00 |
| v. | 3611 North East 34th Ave., Ft. Lauderdale, FL a/o February 2004 | 635,000.00 |

* 411 Water Street, Clinton, Massachusetts. This property was purchased by the defendant in 1994 and was converted into four condominium units, three of which were sold prior to the parties' separation in 1995. The average price of the units sold was $63,500 and I assign that value to the unit that remained at the time of the parties' separation.

7

EXHIBIT 2 of 6,  7-Page of 10

|      |                                                                 |              |
|------|-----------------------------------------------------------------|--------------|
| vi.  | 2415 North East 8th St., Ft. Lauderdale, FL<br>a/o February 2004 | 485,000.00   |
| vii. | 2601 North East 11th Ct., Ft. Lauderdale, FL<br>a/o February 2004 | 410,000.00 |
|      | Total:                                                          | $3,173,500.00 |

i.      The fair market value of the real estate investments of CD Holdings for purposes of these findings is $3,173,500. The other assets reflected on the balance sheet of CD Holdings as of January 31, 1996 (Ex. 103) were $343,852. It would appear that these assets were turned over to Honeycliff Ltd. as part of the merger in February 2006. The total adjusted asset value of the corporate holdings is $3,517,352. The total liabilities assumed for purposes of calculating the net value of CD Holdings if $2,024,936.

j.      I find that the net fair market value of defendant's business holdings is $1,492,416. Since defendant transferred her interest in the various businesses in exchange for shares of Honeycliff, Ltd. This value is ascribed to her interest in Honeycliff, Ltd.

14.     **799 Mt. Elam Road, Fitchburg, Massachusetts**

a.      The property at 799 Mt. Elam Road, Fitchburg, Massachusetts was purchased by the Defendant and John A. Hastings on April 25, 1980 for $38,000. On January 27, 1987 the Defendant purchased the interest of John A. Hastings for $23,500.

b.      On June 28, 2000 this property was transferred from the Defendant to the Elam Real Estate Trust. This transfer has no bearing on the valuation of this asset during the marital period.

c.      On August 24, 1987, this property was encumbered by a mortgage in the amount of $105,000.

d.      On February 22, 2002 this property was valued at $240,000.

8

EXHIBIT 2 of 6,  8-Page of 10

e.    I find that the property at 799 Mt. Elam Road, Fitchburg, Massachusetts has a net value of $135,000.

15.    I find that the total value of the marital assets are as follows:

| | | |
|---|---|---|
| a. | Farnsworth Engineering, Inc. | $0.00 |
| b. | 40% interest in Honeycliff Ltd. | 1,492,416.00 |
| c. | Mt. Elam Real Estate Trust | 135,000.00 |
| | | $1,627,416.00 |

16.    In arriving at an equitable division of assets I have considered the Mass. General Laws c. 208, §34 factors, specifically the parties' respective contributions to the acquisition, preservation and maintenance of the marital estate and determine that plaintiff shall receive a payment equal to 40% of the net asset value determined in these findings.

17.    I find that plaintiff shall receive a payment from wife in the amount of $650,966.40 according to these findings.

Respectfully submitted,

Francis J. Russell, BBO #434300
Mountain, Dearborn & Whiting
370 Main Street
Worcester, MA 01608
(508) 756-2423

Dated:  September 5, 2007

9

EXHIBIT 2 of 6,  9-Page of 10

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2007 I served the foregoing on the parties by mailing a copy of same, postage prepaid, directed to Robert G. Lian, Esquire, 34 Mechanic Street, Worcester, MA 01608 and E. John Anastasi, Esquire, P. O. Box 552, Oxford, MA 01540

Francis J. Russell, Esquire

**EXHIBIT 2 of 6, 10-Page of 10**

10



Bk: 40989 Pg: 169 Doc: ORD
Page: 1 of 1  04/11/2007 11:08 AM

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

PROBATE & FAMILY COURT
NO. 95DR-2358-DV2

*JOHN A. FARNSWORTH,*
  Plaintiff

VS.

*CYNTHIA DZIURGOT FARNSWORTH,*
  Defendant

~~PROPOSED~~ SUA SPONTE ORDER

After hearing the Court makes the following sua sponte order:

The Defendant, her agents, employees and attorneys are hereby enjoined from transferring, conveying, encumbering alienating or pledging any assets, real, personal or intangible during the pendency of these divorce proceedings. It is specifically ordered that the Defendant, her agents, attorneys, or employees shall not transfer any stock in any corporation, foreign, domestic or international, which she has an interest in; and further the Defendant, her attorney, agents or employees shall not encumber or cause to be encumbered, transferred, alienated or pledged any interest in any real estate in which the Defendant has a legal or equitable interest, or stock interest, in any corporation owning such real estate during the pendency of these proceedings.

Dated: June 21, 2006

Justice of Probate

A TRUE COPY:
ATTEST:

REGISTER

MAIL TO:
JOHN FARNSWORTH
35 PINE HILL ROAD
LANCASTER, MA
01523

ATTEST: WOODY Anthony J Vigliotti Register

EXHIBIT 3 of 6, 1-Page

COMMONWEALTH OF MASSACHUSETTS
The Trial Court
Probate and Family Court Department

WORCESTER, SS

Docket No. WO-95-D2358-DV2
Docket No. WO-08-E0022-GC1

# ORDER

**JOHN A. FARNSWORTH**, Plaintiff

VS.

**CYNTHIA DZIURGOT**, Defendant

After hearing, **IT IS ORDERED** as follows:

1. Any and all monies beyond the satisfaction of the SRMOF REO 2011-1 Trust claims in the matter of Broward County, Florida, 17th Judicial Circuit, Case #CACE-08-025883 be held in escrow by the First Justice of the Commonwealth of Massachusetts, Worcester County, Probate and Family Court.

2. Cynthia Dziurgot-Farnsworth, Robert F. Dziurgot, Robert G. Armistead, Christopher G. Farah, Agents, Assigns and all those acting in concert with them are hereby EJOINED and RESTRAINED from obstructing, hindering or impeding the foreclosure sale scheduled to take place at 10AM on January 16, 2014.

Dated:   1-15-14

By the Court:  Ronald W. King
Justice of Probate & Family Court

Re:  4019 NE 34th Avenue, Ft Lauderdale, FL
Lot 5, 5A Block H, Bermuda Rivera Subdivision of Galt Ocean Mile
See: Broward Deeds Book 46954, Page 869-872

**EXHIBIT 4 of 6, 1-Page**



**Commonwealth of Massachusetts
The Trial Court
Probate and Family Court Department**

**Worcester Division**                                    **Docket No.   WO95D2358-DV2**

### Order After Review

**John A. Farnsworth**, Plaintiff

vs

**Cynthia Dziurgot**, Defendant

This matter came on before the Court for review hearing pursuant to the Order dated January 15, 2014.

After hearing, IT IS ORDERED as follows:

1.    The Defendant owes the Plaintiff the sum of $989,160.00 which includes statutory interest and the appropriate credits to the Defendant for payments made in accordance with Statement of Accounts of Amounts Due to the Plaintiff by Defendant.

2.    The Defendant shall, this day, pay to the Plaintiff the sum of $5,000.00.

3.    The Defendant shall pay to the Plaintiff the sum of $1,000.00 each month commencing March 1, 2014 and on the first day of each month thereafter until the aforesaid Judgment is paid in full or until further Order of this Court.

4.    The prior order of $500.00 due to Attorney O'Donnell is to be paid within thirty (30) days.

Dated: **January 29, 2014**

Justice of Probate and Family Court
Ronald W. King

c.g.f

EXHIBIT 5 of 6, 1-Page

**Commonwealth of Massachusetts**
**The Trial Court**
**Probate and Family Court Department**

**Worcester Division**                                    Docket No.   WO95D2358-DV2

**Sua Sponte Order**

**John A. Farnsworth**, Plaintiff

vs

**Cynthia Ann Dziurgot**
**formerly known as Cynthia Dziurgot**, Defendant

After hearing, IT IS ORDERED, Sua Sponte, as follows:

1.    The District Attorney and/or Attorney General are asked to make a
      criminal investigation of the matters involving alleged fraud and other
      crimes in this State and currently in the State of Florida in this matter.

Dated: **December 11, 2013**

Justice of Probate and Family Court
Ronald W. King

c.g.f

A TRUE COPY:
ATTEST:

REGISTER

EXHIBIT  6 of 6,  1-Page